Filed 6/25/25  P. v. Padilla CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT PADILLA,<br><br>    Defendant and Appellant. | B337763<br><br>(Los Angeles County<br>Super. Ct. No. BA360224) |

————————————

APPEAL from an order of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Dismissed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Defendant Robert Padilla appeals from an order denying his request for resentencing under Penal Code section 1172.1.[1]  We appointed counsel for Padilla, who filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Padilla filed a supplemental brief in which he argues that the trial court should have exercised its jurisdiction to resentence him.  He also identifies certain mitigating facts that the court should consider in resentencing.[3]

Because the order which Padilla seeks to appeal is not appealable, we lack jurisdiction and dismiss the appeal.

### FACTUAL AND PROCEDURAL SUMMARY

In March 2012, a jury convicted Padilla of four counts of extortion (§ 520) and found true the allegation that Padilla committed each extortion offense for the benefit of a criminal street gang (§ 186.22, subd. (b)).  The court sentenced Padilla to a total of 33 years to life in state prison.

---

[1] Subsequent statutory references are to the Penal Code.

[2] Counsel sent a copy of the brief and the transcripts on appeal to Padilla and informed him that he has the right to file a supplemental brief and, if he did not file a brief, the court may dismiss the appeal.  We are satisfied that counsel has complied with her obligations under *Delgadillo*.

[3] Padilla argues that racial bias in his original prosecution is one of the mitigating factors that the superior court should have considered and cites the California Racial Justice Act of 2020 (RJA; Stats. 2020, ch. 317, § 1).  It does not appear that Padilla raised the RJA as part of his resentencing request before the trial court.  Regardless, defendants like Padilla who are in custody and whose judgments are final may only bring an RJA claim via a writ of habeas corpus.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 1000.)

On March 1, 2024, Padilla filed a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2017-2018 Reg. Sess.) and section 1172.1.  Padilla's resentencing petition alleged that he was eligible for resentencing because of legislative changes to sections 186.22, 667, subdivision (a)(1), 1109, 1170, 1170.1, and 1385 made after he was sentenced.  As exhibits, he attached a copy of his original sentencing memorandum and attachments showing his efforts at rehabilitation and self-improvement.

On March 6, 2024, the trial court denied Padilla's resentencing request.  The court noted that section 1172.1 allowed the court, on its own motion, to recall a sentence at any time if the applicable sentencing laws have changed, but it declined to exercise that discretion as to Padilla.  The court noted that when the trial court had originally sentenced Padilla, he was facing a sentence of 61 years to life.  Thus, Padilla received a sentence considerably less than the potential maximum because two of his sentences were run concurrently.

On April 26, 2024, Padilla filed a notice of appeal from the March 6th order.

## DISCUSSION

Under section 1172.1, "the [trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*Id*., subd. (a)(1).)  The court may also act upon the recommendation of certain state government officials. (*Ibid.*)  A defendant, however, "is not entitled to file a petition seeking relief from the court under [section 1172.1]." (*Id*., subd. (c).)

3

A defendant who nevertheless files such " 'an unauthorized request for resentencing has no *right* to a ruling,' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, petn. for review pending, petn. filed May 30, 2025, S291146, quoting *People v. Hodge, supra,* 107 Cal.App.5th at p. 996), and "an order declining to act on a defendant's unauthorized section 1172.1 petition is nonappealable" (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 693).  Therefore, "[w]e lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Id.* at p. 696.)  Because we do not have appellate jurisdiction, we dismiss the appeal.

### DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.